UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GARY GUAJARDO, ET AL., § | |
| § | |
| Appellants § | |
| § | |
| V. § | CIVIL ACTION NO. 2:15-CV-234 |
| § | |
| ALFREDO RICARDO MARTINEZ, SR. § | |
| a/k/a FREDDIE MARTINEZ, SR., § | |
| § | |
| Appellee § | |

## ORDER DENYING MOTION TO APPEAL

Before the Court is "Creditors' Opposed Amended Motion for Leave to File Notice of Appeal" (D.E. 5). Creditors, **Gary Guajardo, Hugo Cesar Guerrero, Individually and d/b/a Fandango USA, Adan Sanchez, Arnold Martinez, Individually and on behalf of the Estates of Gilbert Martinez, Jr., Deceased, and Enriqueta "Katy" Martinez, Deceased, and the heirs of said decedents, Carlos Martinez, Arturo Martinez, Cristina Zamora, Linda Gonzalez and Theresa Lee, Ysidro Ortiz, Jr., Leticia Salcedo, Individually and on behalf of the Estate of Jesus Garcia Salcedo, Arturo Rene Serrata, Ruben Guanajuato, Ruben P. Ramos, Johnny Isquierdo, Individually and on behalf of Invasion, Jose Guzman, Maria Luisa Ramirez, Tony Guerrero, Adolfo DeLeon, Masters Licensing LP, and Tempest Publishing, Inc.** seek to appeal an order of the United States Bankruptcy Court issued April 10, 2015, denying discovery of certain documents deemed to be privileged and an order denying a motion to alter or amend that discovery order, issued May 15, 2015. D.E. 2-1.

1

The discovery orders did not end the underlying proceeding.  Thus they are not appealable under 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8001(a), which apply to final appealable orders.  As an alternative, Creditors seek leave to appeal non-final orders pursuant to 28 U.S.C. § 158(a)(3).  To obtain such leave to appeal, Creditors must file their notice of appeal, accompanied by a motion that contains, inter alia, "a statement of the facts necessary to an understanding of the questions to be presented by the appeal" and "a statement of the reasons why an appeal should be granted."  Fed. R. Bankr. P. 8001(b), 8003(a).

Courts have held that leave to appeal under § 158(a)(3) should be granted only when the Bankruptcy order represents a final determination of the rights of the parties to secure the relief they seek or a final disposition of a discrete dispute within the larger bankruptcy case.  *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, LLC)*, 650 F.3d 593, 600 (5th Cir. 2011); *In re Royce Homes LP*, 466 B.R. 81, 87-88 (S.D. Tex. 2012).  Creditors did not file suit to obtain disclosure of the documents at issue.  Instead, they have filed a claim seeking monetary relief and apparently oppose a proposed plan of reorganization of the Debtor.  Thus the orders do not represent a final disposition under § 158(a)(3).

Rather, the discovery orders are a preliminary step—interlocutory orders issued as part of the administration of a dispute between creditors and proponents of a plan of reorganization—and are not ordinarily appealable.  *See generally, Oxley v. Watson (In re Watson)*, 884 F.2d 879, 880 (5th Cir. 1989); *In re Delta Servs. Indus.*, 782 F.2d 1267, 1270-71 (5th Cir. 1986).  Consequently, the Court rejects Creditors' argument that leave

to appeal should be granted under ordinary interpretations of § 158(a)(3).

Additionally, however, Creditors have invoked the collateral order doctrine, which applies generally to appeal of district court orders and is offered here as equally applicable to bankruptcy court orders. D.E. 5. A collateral order is appealable if it: (1) finally determines rights collateral to and separable from the main proceeding; (2) presents a serious and unsettled question; and (3) is effectively unreviewable on appeal from a final judgment such that denial of immediate review will harm the appellant irreparably. *Will v. Hallock*, 546 U.S. 345, 349 (2006); *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). "These requirements are conjunctive: failure of any one results in failure of jurisdiction." *Gibbs v. Paluk*, 742 F.2d 181, 183 (5th Cir.1984).

Despite invocation of the doctrine, Creditors have failed to articulate any reason that these particular discovery orders, which prevent disclosure of documents held to be privileged, satisfy any prong of the collateral order doctrine. Creditors' conclusory representations that all three prongs of the collateral order doctrine are satisfied and that they are suffering irreparable harm are unsupported by facts or legal authorities. Consequently, Creditors have not shown themselves entitled to leave to appeal.

For the reasons set out above, the Court DENIES Creditors' motion for leave to appeal (D.E. 5). This action is DISMISSED.

ORDERED this 8th day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE